UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KATHERINE ANN DEMPSEY, | ) | CASE NO. 1:18CV2806 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | GEORGE J. LIMBERT |
| v. | ) | |
| | ) | |
| ANDREW M. SAUL[1], | ) | |
| COMMISSIONER OF SOCIAL | ) | MEMORANDUM OPINION |
| SECURITY ADMINISTRATION, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

Plaintiff Katherine Ann Dempsey ("Plaintiff") requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Defendant") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF Dkt. #1. In her brief on the merits, filed on March 11, 2019, Plaintiff asserts that the administrative law judge ("ALJ") erred in his Step 4 finding that she could return to her past relevant job as a medical secretary because he did not find that it was a composite job. ECF Dkt. #14. For the following reasons, the Court AFFIRMS the decision of the ALJ and DISMISSES the instant case in its entirety WITH PREJUDICE.

## I. PROCEDURAL HISTORY

In December of 2015, Plaintiff protectively filed applications for DIB and SSI, alleging disability beginning March 27, 2015 due to: lumbar herniation at L4-5; "fragment along the Spine;" back pain; arthritis; bilateral leg pain/numbness; bilateral knee pain/injury; left hand pain; and numbness/tingling lower back to feet. ECF Dkt. #11 ("Tr.")[2] at 239-246, 301. Plaintiff's

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security, replacing acting Commissioner Nancy A. Berryhill. *See* Fed. R. Civ. P 25(d).

[2] All citations to the transcript refer to the page numbers assigned when the transcript was compiled (located on the bottom right corner of each page) rather than the page numbers assigned when the transcript was filed in the CM/ECF system ("PageID #").

1

applications were denied initially and upon reconsideration. *Id.* at 154-169, 172-183. Plaintiff thereafter requested a hearing by an ALJ, and on March 1, 2018, a hearing was held before an ALJ in which Plaintiff and a vocational expert ("VE") testified. *Id.* at 37, 184.

The ALJ issued his decision on April 25, 2018, finding Plaintiff not disabled and denying her applications for DIB and SSI. Tr. at 17-30. Plaintiff requested a review of the hearing decision, and on October 10, 2018, the Appeals Council denied review. *Id.* at 1-4. On December 5, 2018, Plaintiff filed the instant suit seeking review of the ALJ's decision. ECF Dkt. #1. The parties thereafter consented to the jurisdiction of the undersigned. ECF Dkt. #13. On March 11, 2019, Plaintiff filed a merits brief, and Defendant filed a merits brief on May 23, 2019. ECF Dkt. #s 14, 17.

## II. RELEVANT PORTIONS OF THE ALJ'S DECISION

On April 25, 2018, the ALJ issued a decision finding that Plaintiff was not disabled. Tr. at 17-30. He found that Plaintiff had not engaged in substantial gainful activity since March 27, 2015, the alleged onset date. *Id.* at 20. The ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease ("DDD") of the lumbar spine; status post-surgical fusion; herniated discs of the thoracic spine; cervical spondylosis; status post CVA; degenerative joint disease of the left hip; status post right hip arthroplasty; and osteoarthritis. *Id.* He further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 21.

After considering the record, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 C.F.R. § 404.1567(a) and § 416.967(a)[3], with the following limitations: occasional pushing/pulling with the lower extremities; occasional climbing of ramps and stairs; never climbing ladders, ropes, or scaffolds; frequent balancing, stooping, kneeling, and crouching; occasional crawling; no work at

---

[3] 20 C.F.R. § 416.901 *et seq.* governs SSI determinations, while 20 C.F.R. § 404.1501 *et seq.* governs DIB determinations. These regulations are virtually identical.

unprotected heights; no work near moving mechanical parts; and no operating of a motor vehicle. Tr. at 21.

Based upon the testimony of the VE, the ALJ found that a person with the same age, education, work experience, and RFC that he determined, could perform Plaintiff's past relevant work as a medical secretary as it is generally performed. Tr. at 29. Ultimately, the ALJ determined that Plaintiff had not been under a disability, as defined in the Social Security Act, from March 27, 2015 through the date of his decision, April 25, 2018. *Id.* at 30.

## III. STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to Social Security benefits. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The plaintiff has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997); *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## IV. STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted)). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6thCir. 2007). Accordingly, when substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found plaintiff disabled. The substantial evidence standard creates a "'zone of choice' within which [an ALJ] can act without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). However, an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole*, 661 F.3d at 937 (citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir.2009)) (internal citations omitted). Therefore, even if an ALJ's decision is supported by substantial evidence, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a plaintiff on the merits or deprives the plaintiff of a substantial right." *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## V. LAW AND ANALYSIS

Plaintiff's only challenge concerns the ALJ's Step 4 finding that she could return to her past relevant work as a medical secretary. ECF Dkt. #14 at 6-10. She asserts that this finding is contrary to law because her medical secretary job was a "composite job," meaning that it contained "significant elements of two or more occupations and, as such, [had] no counterpart in the DOT [Dictionary of Occupational Titles]." *Id.*, quoting Social Security Ruling ("SSR") 82-61. Plaintiff contends that because her medical secretary job was a "composite job," the ALJ could not have found that she could perform the job as it is generally performed. *Id.*

At Step Four of the sequential analysis, a claimant must prove that she cannot return to her past relevant work. *Walters v. Comm'r,* 127 F.3d 525, 529 (6th Cir. 1997). In relevant part, SSR 82-61 provides:

> Policy Statement. Under sections 404.1520(e) and 416.920(e) of the regulations, a claimant will found to be "not disabled" when it is determined that he or she retains the RFC to perform:
>
> 1. The actual functional demands and job duties of a particular past relevant job; or
>
> 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

SSR 82-61. It further explains that, "composite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT. Such situations will be evaluated according to the particular facts of each individual case." *Id.* As Plaintiff points out, when past relevant work is a "composite job," an ALJ errs at Step Four by finding that a claimant can perform the job as generally performed. ECF Dkt. #14 at 7. "A finding that the past relevant work is a composite job creates an exception to the rule that the Step Four finding can be supported by the ability to do the job...as generally performed in the national economy." *Snell v. Comm'r*, No. 14-13661, 2016 WL 8114213, at *7 (E.D. Mich. Apr. 29, 2016), adopted by 2016 WL 3049402 (E.D. Mich. May 31, 2016) (citing SSR 82-61); see also *Geibig v. Comm'r*, No. 16-14290, 2018 WL 1471443, at *8 (E.D. Mich. Mar. 26, 2018). In addition, an ALJ cannot divide the "composite job" into separate jobs and find that a claimant can perform past relevant work because he or she can perform the "less demanding of the two jobs." *Hansen v. Comm'r*,

5

No. 13-13348, 2014 WL 5307133, at *8 (E. D. Mich. Oct. 16, 2014), (citing *Henson v. Colvin*, No. 12-3053, [2014 WL 1154275, at *4 (E.D. La. Mar. 14, 2014) ] (collecting cases) ). In other words, "the evidence must establish that the individual is capable of doing the former work as actually performed rather than 'as generally performed' in the national economy." *Geibig*, 2018 WL 1471443, at *8.

While Plaintiff correctly recites the regulations and law concerning "composite jobs," she fails to show that the medical secretary jobs relied upon by the ALJ in his decision constituted "composite jobs." During the ALJ hearing, both the VE and the ALJ questioned Plaintiff about her past relevant work. *Id.* at 45-56, 82-83. She testified that in her employment at St. Vincent Charity Hospital, she was a "certified medical assistant and unit secretary," and did "various jobs." *Id.* at 45-46. She described the secretary position as "a big, like, multi-desk job," where she would input orders into the system for blood work and call physicians who needed to speak to other physicians. *Id*. When she was specifically asked if the medical assistant and unit secretary positions were two different jobs, Plaintiff responded "yes." *Id*. When asked if she performed the jobs at the same time, Plaintiff responded that she would "do one...then the other one." *Id*. She explained that she had set days to work for each job and if she worked as a medical assistant, she would not work as a secretary, "and vice-versa." *Id*. at 47.

Plaintiff also testified about her last job at OCC Health and stated that, "[t]here wasn't a lot of medical assisting work. It was more all secretarial work there." Tr. at 54. She explained that she would room patients for the doctor, complete patient forms, perform transcription, call patients and schedule them for appointments, pull charts, and transport charts from the main office to satellite offices. *Id*.

After questioning her about her work, the ALJ asked the VE to classify Plaintiff's jobs at St. Vincent, and he separated them into two jobs, medical assistant, which was skilled and light, but medium as Plaintiff performed it, and unit or medical secretary, which was skilled and sedentary, which was the way she performed it. Tr. at 82. The VE noted that the DOT defined the medical secretary job as sedentary. *Id*. The VE then classified Plaintiff's other jobs as a straight medical assistant, performed as skilled and medium as she performed it, and medical

6

secretary positions, which were skilled and sedentary, although one was performed at the light level. *Id*. at 83. The ALJ thereafter clarified, "[a]ll right, so then one of those jobs is a combination of those two and then she had other jobs doing them separately. One of those separate jobs the medical secretary job being done at the light level." *Id*. The VE responded that the ALJ was correct. *Id*.

The ALJ went on to present hypothetical individuals to the VE, which first included an individual with the same age, education and background as Plaintiff, who could: perform light work; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; frequently balance, stoop, kneel, and crouch; occasionally crawl; have no exposure to unprotected heights, moving mechanical parts, or operating a motor vehicle; and who could occasionally push and pull with the lower extremities. Tr. at 83-84. The VE testified that such a hypothetical individual could perform the medical secretary position that Plaintiff performed in a sedentary capacity a couple days a week. *Id*. at 84. The VE also identified other jobs that such a hypothetical individual could perform. *Id.*

The ALJ presented the VE with a second hypothetical individual, who had the same limitations as the first, except that she could perform work only at a sedentary level. Tr. at 84. The VE responded that such a hypothetical individual could still perform the medical secretary position that Plaintiff performed and he indicated that the DOT defined a medical secretary job as sedentary as well. *Id*. at 85.

When the ALJ asked Plaintiff's counsel if he wished to question the VE, counsel responded that he had no questions. Tr. at 86.

Based upon Plaintiff's own testimony and the VE's testimony regarding Plaintiff's performance of entirely separate jobs of medical assistant and medical secretary, there was no basis upon which to classify Plaintiff's unit secretary job at St. Vincent or her last medical secretary job at OCC as "composite jobs." The ALJ noted Plaintiff's past relevant jobs in his decision and specifically noted Plaintiff's testimony that her medical assistant job and unit secretary job at St. Vincent were separate jobs and her OCC Health job was also "all secretarial work." *Id*. at 29-30. The ALJ set forth the VE's testimony that Plaintiff's past relevant work as

7

a medical secretary was sedentary work both as she performed it and according to the DOT. *Id*. Based upon the RFC that he determined for Plaintiff, Plaintiff's testimony, and the testimony of the VE, the ALJ properly determined that Plaintiff could perform her past relevant work as a medical secretary as it is generally performed. Since the ALJ had proper support for finding that two of Plaintiff's medical secretary positions were not "composite jobs," because they were performed separate from her medical assistant jobs, the ALJ was free to find that Plaintiff could perform her past relevant work as it was generally performed.

Moreover, the Court notes that Plaintiff's counsel did not dispute or otherwise question the VE's separation of the jobs of medical assistant and medical secretary at the hearing. In fact, Plaintiff's counsel did not question the VE at all when given the opportunity to do so by the ALJ. Tr. at 86. Accordingly, Plaintiff has waived her right to object to the VE's classification of her past work as separate jobs. The Sixth Circuit Court of Appeals and many other courts have held that a claimant's failure to object to a VE's testimony at the ALJ's hearing waives his or her right to raise such issues in the district court. *Hammond v. Chater*, No. 96-3755, 116 F.3d 1480 (6th Cir. 1997) (unpublished); *see also Nessle v. Comm'r*, No. 1:14CV442, 2014 WL 5765523, at *7 n.10 (S.D. Ohio Nov. 5, 2014)("To the extent Plaintiff argues that he could not do his past work because it was a "composite job," it is too late for Plaintiff to bring up any alleged deficiencies about the vocational expert's testimony because Plaintiff and his attorney were given ample opportunity to question the vocational expert about this subject at the hearing and failed to do so. Plaintiff's counsel cross-examined the vocational expert about other issues, but failed to raise any concern about whether the job the ALJ was describing was a "composite job." (internal citations omitted).

For these reasons, the Court finds that the ALJ applied the correct legal standards at Step Four and substantial evidence supported his Step Four finding that Plaintiff could perform her past relevant work as a medical secretary as it is generally performed.

## VI. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the decision of the ALJ and DISMISSES Plaintiff's complaint in its entirety WITH PREJUDICE.

IT IS SO ORDERED.


Date: April 13, 2020          */s/George J. Limbert*
                                      GEORGE J. LIMBERT
                                      UNITED STATES MAGISTRATE JUDGE